LANDON, J. I gravely doubt whether the town is liable. The citizens
made the sidewalk and cross-walk. Laws 1860, c. 61; Laws 1863, c. 93;
Laws 1881, c. 233. If the town could not object, its failure to do so is not
an adoption. But I do not dissent.

---

HUESTED *et al. v.* BLISS.

(*Supreme Court, General Term, Third Department.* December 8, 1891.)

APPEAL—JUSTICES OF THE PEACE—MODIFICATION OF JUDGMENT.

On a trial before a justice of the peace plaintiffs presented a bill of items of goods
sold to defendant, amounting to $103, with credits indorsed thereon of $47, leaving
a balance of $56. Plaintiffs testified, without objection, to a sale of goods to the
amount of the bill, and to the credits thereon indorsed, and the jury returned a ver-
dict for the balance. Plaintiffs remitted $6, and took a judgment for $50. The bill
contained credits of "1,734 hay," and "1,890 hay," with no value carried out, and
for which defendant contended no allowance had been made by the judgment.
*Held*, that defendant's remedy was by an appeal to the county court for a new trial,
and on an appeal on questions of law was not entitled to have the judgment mod-
ified so as to give credit for the hay, there being no *data* from which the judgment
could be modified.

Appeal from county court, Rensselaer county.

Action by Charles E. Huested and Frank W. Clark against Willard D. Bliss on an account for goods sold and delivered, brought in a justice's court. Defendant appealed to the county court from a judgment for plaintiffs, and from an affirmance by such court appeals to this court. Affirmed.

Argued before LEARNED, P. J., and MAYHAM and KELLOGG, JJ.

*George McClellan,* (*H. W. McClellan,* of counsel,) for appellant. *Nelson Webster,* for respondents.

MAYHAM, J. The return of the justice of the peace before whom this action was tried, and which constitutes the record on which this appeal was heard in the county court, and the record on this appeal, shows that the plaintiffs in their complaint demanded judgment for $75. The answer was a general denial. On the trial the plaintiffs presented a bill of items of merchandise amounting in the aggregate to $103.72, with credits indorsed thereon of $47.19, leaving a balance as struck on such bill of $56.52. Charles E. Huested, one of the plaintiffs, was sworn as a witness on the trial, and testified that the plaintiffs sold goods as set out in the bill, amounting in the aggregate to $103.71. He also testified to credits of $47.19. This evidence was received without objection. The defendant offered no evidence. The bill contains one credit in this form, "1,734 hay," with no other description or designation, and with no amount carried out as to value; and one of "1,890 hay," with no other designation and no price or value attached. No other evidence was given or offered as to these credits. On this evidence the jury rendered a verdict in favor of the plaintiffs for $56.52, and the plaintiffs remitted the $6.52, and the justice thereupon entered a judgment in favor of the plaintiffs for $50 and costs. There was no error committed by the justice for which this judgment should be reversed. But the appellant now insists that, as it was quite apparent that the defendant got no credit for the hay mentioned in the bill, the county court should, under the provisions of section 3066 of the Code, have modified the judgment, so as to give credit for the hay, or sent the case back for a new trial before the justice. We cannot agree with the appellant in this contention. The county court had no *data* from which it could have modified the judgment, and as the defendant might have appealed for a new trial, and thus secured a more favorable judgment, if entitled to such a result. It is his own fault that he sought to redress his supposed wrong by an appeal upon questions of law, and not for a new trial. The judgment must be affirmed. Judgment affirmed, with costs.

All concur.